O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHARLES E. DAVIDSON,                )    NO. EDCV 07-00144-MAN
                                    )
              Plaintiff,            )
                                    )    MEMORANDUM OPINION
          v.                        )
                                    )    AND ORDER
MICHAEL J. ASTRUE,[1]               )
Commissioner of the                 )
Social Security Administration,     )
                                    )
              Defendant.            )
_____)

     Plaintiff filed a Complaint on February 13, 2007, seeking review of
the denial by the Social Security Commissioner ("Commissioner") of
plaintiff's application for disability insurance benefits ("DIB"), and
supplemental security income ("SSI").  On March 6, 2007, the parties
consented to proceed before the undersigned United States Magistrate
Judge pursuant to 28 U.S.C. § 636(c).  The parties filed a Joint
Stipulation on October 25, 2007, in which:  plaintiff seeks an order
reversing the Commissioner's decision and awarding benefits or, in the

_____

[1]   Michael J. Astrue became the Commissioner of the Social Security
Administration on February 12, 2007, and is substituted in place of
former Commissioner Joanne B. Barnhart as the Defendant in this action.
(See Fed. R. Civ. P. 25(d)(1); Section 205(g) of the Social Security
Act, last sentence, 42 U.S.C. § 405(g).)

alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision.  The Court has taken the parties' Joint Stipulation ("J.S.") under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS AND DECISION

Plaintiff filed his applications for DIB and SSI on May 12, 2004. (Administrative Record ("A.R.") 94-96, 429-31.)  Plaintiff alleges an inability to work since January 1, 1995, due to schizophrenia, hepatitis C, manic depression, and liver problems.  (A.R. 77, 101.)

Plaintiff's claims were denied initially and upon reconsideration, and on August 1, 2006, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Joseph D. Schloss ("ALJ").  (A.R. 438-53.)  On September 29, 2006, the ALJ denied plaintiff's claims, and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision.  (A.R. 6-8.)

In his written decision, the ALJ found that plaintiff has the following severe impairments: schizoaffective disorder bipolar type, osteoarthritis of the cervical spine, and a history of polysubstance dependence.  (A.R. 16.)  The ALJ further found that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  (A.R. 18.)  The ALJ gave "significant weight to the opinion of Dr. Linda M. Smith, MD, a Board eligible psychiatrist,"

who performed a consultative psychiatric evaluation of plaintiff on August 3, 2004. (A.R. 19.) Finally, the ALJ found, based upon plaintiff's residual functional capacity and the vocational expert's testimony, that plaintiff is capable of performing his past relevant work as a warehouse worker. (A.R. 20.) Accordingly, the ALJ concluded that plaintiff was not under a disability from January 1, 1995, through the date of his decision. (*Id.*)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003)(citation omitted). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is

responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

## DISCUSSION

Plaintiff alleges the following issues: (1) whether the ALJ properly considered the treating psychiatrists' evaluations; (2) whether the ALJ complied with SSR 96-7p, which requires that the ALJ consider the type, dosage, effectiveness, and side effects of plaintiff's medications; (3) whether the ALJ posed a complete hypothetical question to the vocational expert; and (4) whether the ALJ properly developed the record. (J.S. at 3.) The Court addresses these issues below.

///

///

1    **I.    The ALJ Failed To Provide Specific And Legitimate Reasons For**
2         **Disregarding The Opinions Of Plaintiff's Treating Psychiatrists And**
3         **Psychologists.**

4

5         A treating physician's conclusions "must be given substantial
6    weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988).  "If a
7    treating or examining doctor's opinion is contradicted by another
8    doctor's opinion, an ALJ may only reject it by providing specific and
9    legitimate reasons that are supported by substantial evidence." <u>Ryan v.</u>
10   <u>Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008)(citations
11   omitted).

12

13        In this case, the ALJ gives "significant weight" to the opinion of
14   consultative psychiatrist, Dr. Smith, but the ALJ fails to provide *any*
15   reasons for rejecting the opinions of plaintiff's treating psychiatrists
16   and psychologists at the Loma Linda Veterans Administration Medical
17   Center ("LLVAMC"), the California Department of Corrections, and the
18   Parole Outpatient Clinic. (A.R. 19.)  Although the Court believes that
19   the ALJ's reliance on Dr. Smith's opinion may be reasonable, the ALJ's
20   silent disregard of the opinions of plaintiff's mental health
21   professionals contravenes Ninth Circuit precedent to which this Court
22   must adhere.[2]

23

24

25   [2]    As Dr. Smith's opinion is based upon objective and independent
     clinical findings, it properly may constitute substantial evidence upon
26   which the ALJ may rely.  *See* <u>Andrews</u>, 53 F.3d at 1041. However, the ALJ
     nonetheless is required to state specific and legitimate reasons for
27   rejecting the opinions of plaintiff's treating psychiatrists and
     psychologists, and his failure to do so constitutes error. *See* <u>Lester</u>
     <u>v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995).
28

                                         5

1    In his portion of the Joint Stipulation, defendant advances various
2    bases for the ALJ's rejection of the findings and opinions of
3    plaintiff's physicians and psychologists at the LLVAMC. (*See* A.R. 5-7.)
4    However, a reviewing court cannot affirm the denial of benefits based on
5    a reason not stated or finding not made by the ALJ, and defendant's
6    after-the-fact attempt to supply acceptable bases for the ALJ's decision
7    is unavailing. *See, e.g.*, <u>Connett</u>, 340 F.3d at 874 (noting that a
8    reviewing court is "constrained to review the reasons the ALJ asserts,"
9    and an ALJ's decision cannot be affirmed on the basis of evidence he did
10   not discuss); <u>Pinto v. Massanari</u>, 249 F.3d 840, 847-48 (9th Cir.
11   2001)(an agency decision cannot be affirmed on the basis of a ground
12   that the agency did not invoke in making its decision); *see also* <u>Barbato</u>
13   <u>v. Comm'r of Soc. Sec. Admin.</u>, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal.
14   1996)(remand is appropriate when a decision does not adequately explain
15   how a decision was reached, "[a]nd that is so even if [the Commissioner]
16   can offer proper post hoc explanations for such unexplained
17   conclusions," because "the Commissioner's decision must stand or fall
18   with the reasons set forth in the ALJ's decision, as adopted by the
19   Appeals Council")(citation omitted).
20
21       Further, in advancing his post hoc rationales, defendant asserts
22   that the records of the LLVAMC "do not support a finding of disability
23   that would exist absent drug/alcohol abuse." (J.S. at 6.)  However,
24   defendant does not, and can not, assert that plaintiff's substance abuse
25   bars his recovery of benefits, because the ALJ did not undertake the
26   two-step analysis necessary to draw that conclusion.  In <u>Bustamante v.</u>
27   <u>Massanari</u>, 262 F.3d 949 (9th Cir. 2001), the Ninth Circuit addressed the
28   interrelationship between a claimant's substance abuse and the

6

determination of his disability, and held that the five-step sequential evaluation must first be conducted "without separating out the impact of alcoholism or drug addiction." <u>Bustamante</u>, 262 F.3d at 955.  Here, the ALJ found that the plaintiff is not disabled under the five-step inquiry and not entitled to benefits; thus, the ALJ did not undertake an analysis of whether plaintiff's substance abuse is a contributing factor material to his disability determination.  If after properly addressing plaintiff's treating records, the ALJ concludes that plaintiff is disabled *and* there is evidence of his continuing drug addiction or alcohol abuse, then the ALJ must determine whether the claimant would still be found disabled if he stopped using drugs and/or alcohol.  Given the ALJ's contradictory statements regarding plaintiff's substance abuse,[3] further development of the record on this issue would be required before a proper disability determination could be made.  (A.R. 18-19.)

In sum, this Court cannot confidently conclude that the ALJ's implicit rejection of the opinions of plaintiff's psychiatrists and

_____

[3]  Regarding plaintiff's substance abuse, the ALJ states:

> [Plaintiff's] history of polysubstance abuse is also well documented as well as his recent consumption of cocaine. (Exhibit B4F, B10F, p. 13) With the exception of his recent substance abuse, the evidence shows that his polysubstance abuse was in full remission for a substantial period of time. The [plaintiff] is now in a dual treatment program for his schizoaffective disorder and cocaine use (Exhibit B10F and B11F). [Plaintiff's] past and recent substance abuse was taken into consideration relative to his residual functional capacity; and I find that [plaintiff's] polysubstance abuse, both past and recent, does not change [plaintiff's] residual functional capacity as described herein.

(A.R. 18-19.)  Although the ALJ states that plaintiff's "past and recent substance abuse was taken into consideration," the ALJ did not undertake the two-step analysis as required under <u>Bustamante</u>.

7

1  psychologists at LLVAMC, the California Department of Corrections, and
2  the Parole Outpatient Clinic constitutes harmless error.  The Court will
3  not reverse the Commissioner's decision if it is based on harmless
4  error, which exists when it is clear from the record that "the ALJ's
5  error was 'inconsequential to the ultimate nondisability
6  determination.'"  Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at
7  1055-56).  In this case, however, it is unclear whether the ALJ's error
8  is "nonprejudicial to [plaintiff] or irrelevant to the ALJ's ultimate
9  disability conclusion."  Stout, 454 F.3d at 1055.

10

11      For the reasons stated above, remand is required to allow the ALJ
12  to remedy this error.

13

14  **II.  The ALJ Failed To Consider Properly The Side Effects Of Plaintiff's**
15      **Medications On His Ability To Work.**

16

17      When an ALJ evaluates a claimant's limitations, he must consider
18  evidence regarding the side effects of medications.  Social Security
19  Ruling 96-7p indicates that the "type, dosage, effectiveness, and side
20  effects of any medication the individual takes or has taken to alleviate
21  pain or other symptoms" should be considered in the disability
22  evaluation.  *See also* 20 C.F.R. § 404.1529(c)(3)(iv).  The Ninth Circuit
23  has observed that an ALJ must "consider all factors that might have a
24  significant impact on an individual's ability to work."  Erickson v.
25  Shalala, 9 F.3d 813, 817 (9th Cir. 1993)(citation omitted).  Such
26  factors "may include side effects of medications as well as subjective
27  evidence of pain."  Id. at 818.

28

8

In his decision, the ALJ briefly acknowledges plaintiff's testimony and records regarding the side effects of his medications, but the ALJ does not expressly consider the impact of these side effects on plaintiff's ability to work.  Although the ALJ mentions that plaintiff's medications "make him 'jumpy;' [that plaintiff] frequently has racing thoughts; and has difficulty sleeping at night," the ALJ neither properly dismisses the significance of these side effects nor, in his hypothetical to the vocational expert, references them.[4]  (A.R. 18, 449-51.)  The ALJ is required to consider those side effects in evaluating plaintiff's disability claim, and his failure to do so constitutes error.

**III.  Until The ALJ Has Assessed Properly The Opinions Of Plaintiff's Treating Physicians And The Side Effects Of Plaintiff's Medications, The Court Can Not Assess The Adequacy Of The Hypothetical Posed To The Vocational Expert.**

In posing a hypothetical to a vocational expert, the ALJ must accurately reflect all of the claimant's limitations.  Embrey, 849 F.2d at 422-24.  In order for the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all

---

[4]   On May 5, 2004, plaintiff reported to California Department of Corrections, Parole Outpatient Clinic Psychiatrist, William Lawrence, M.D., that plaintiff experiences decreased appetite, tremor, and jumpiness as a result of the side effects of his medications, which include Buspar, Prozac, Serzone, Zxyprexa, and Neurontin.  (A.R. 173.) In a May 19, 2004 Disability Report - Adult, plaintiff stated that: Buspirone makes him drowsy; Risperdal causes nervousness and shaking; and Zyprexa causes him to have slurred speech.  (A.R. 105.)  Further, at the hearing, plaintiff testified that he experiences fatigue, has to take a lot of naps, and when [he] take[s] [his] medication it escalates [his fatigue]."  (A.R. 443-44.)

9

of the claimant's limitations." <u>Andrews</u>, 53 F.3d at 1044.  However, the ALJ is not required to include limitations for which there was no evidence.  *See* <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

Here, the hypothetical may be incomplete to the extent that it does not reflect the opinions of plaintiff's treating psychiatrists and psychologists or any of plaintiff's reported medication side effects. (A.R. 449-51.)  On remand, the ALJ should either properly reject the opinions of plaintiff's treating psychiatrists and psychologists, and discount or dismiss the claimed side effects of plaintiff's medications, in accordance with the appropriate legal standards, or the ALJ must incorporate them into the hypothetical posed to the vocational expert.

**IV.  <u>The ALJ Failed To Develop The Record Adequately</u>.**

The ALJ has a "special duty to fully and fairly develop the record." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996).  "An ALJ's duty to develop the record further is triggered . . . when the record is inadequate to allow for proper evaluation of the evidence." <u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001).

Plaintiff contends that the ALJ failed to develop the record adequately, because the ALJ incorporated in his decision the prior ALJ's decision *and accompanying exhibits* but those exhibits are not included

10

1  in the present record.⁵   The Court agrees.   Given the possibly
2  progressive nature of plaintiff's mental impairment(s), it is critical
3  that the ALJ meet his affirmative duty to ensure the record is not
4  "inadequate to allow for proper evaluation of the evidence."   Mayes,
5  276 F.3d at 459-60.

7     In the prior decision, the relevant, referenced exhibits include:
8  (1) plaintiff's medical records from the San Bernardino County
9  Department of Mental Health from 2/99, through 5/99; (2) records
10 reflecting State Agency findings from 3/98 and 5/98; (3) records
11 relating to a consultative internal medicine examination and evaluation
12 of plaintiff in or about January 1998; (4) records relating to a
13 consultative psychiatric examination and evaluation of plaintiff dated
14 1/30/98; (5) plaintiff's medical records from the Department of
15 Corrections, State of California, from 11/95, through 10/97; and (6)
16 plaintiff's medical records from LLVAMC from 2/98, through 4/98.   These
17 exhibits, as indicated in the Court Transcript Index, "are not available
18 for inclusion [in the present record] but are incorporated by reference
19 with the current decision."   (A.R. 1.)

21    Defendant contends that the ALJ had no duty to further develop the
22 record, because the ALJ incorporated by reference the prior decision and
23 accompanying exhibits only as a threshold step, which permitted him to
24 conclude that plaintiff demonstrated "changed circumstances" and, thus,

⁵   Plaintiff has had five separate applications for disability
insurance benefits denied, the most recent of which, other than the
instant denial, occurred on July 27, 1999, and is the prior decision to
which the ALJ refers.   (A.R. 13, 41-50, 53-71.)

11

1  rebutted successfully the presumption of continuing non-disability.[6]

2  (J.S. at 19-20.)  While defendant's contention may be correct, it does

3  not fully address the issue.  The Court believes that the ALJ still had

4  an affirmative duty to make efforts to obtain missing exhibits, which,

5  although incorporated by reference in the ALJ's decision at issue, are

6  not now available for review.  At present, the record is "inadequate to

7  allow for proper evaluation of the evidence" (Mayes, 276 F.3d at 459-

8  60), and there is no indication that the ALJ made any attempt to develop

9  an adequate record by securing these missing exhibits.

10

11        Finally, although defendant argues that the ALJ properly discharged

12  his duty to develop the record by leaving the record open after the

13  hearing for the submission of additional records from LLVAMC, simply

14  "leaving the record open" was insufficient to discharge the ALJ's duty

15  to fully and fairly develop the record.[7]  (J.S. at 20.)  Both plaintiff

16  and the Court are entitled to review the entirety of the evidence relied

17  upon by the ALJ in support of his challenged decision and cannot do so

18  here.  Accordingly, the ALJ's failure to make any affirmative effort to

19  obtain the missing exhibits constitutes error.

20  _____

21  [6]   It is well-settled that a prior final determination that a claimant
    is not disabled creates a presumption of continuing non-disability with
22  respect to any subsequent unadjudicated period of alleged disability.
    Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985); Lyle v. Sec'y, 700
23  F.2d 566, 568 (9th Cir. 1983).  The claimant can, however, overcome this
    burden by proving "changed circumstances," such as the existence of an
24  impairment not previously considered, an increase in the severity of an
    impairment, or a change in the claimant's age category.    Chavez v.
25  Bowen, 844 F.2d 691, 693 (9th Cir. 1988).

26  [7]   Moreover, the transcript of the August 1, 2006 hearing before the
    ALJ makes clear that the record was actually being left open for the
27  submission of more current, not past, records of plaintiff's treatment
    by LLVAMC, i.e., for the submission of any treatment records from
28  October or November of 2005, through July 2006.  (A.R. 451-52.)

**V.**   **Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.  See, e.g.*, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful).

Where, as in this case, the opinions of treating physicians were rejected without having been addressed in accordance with the governing legal standards, remand is appropriate to allow the ALJ the opportunity to provide the proper reasons, if such reasons exist, for this rejection.  In addition, the ALJ should ensure that the hypothetical provided to the vocational expert reflects all the plaintiff's limitations, including those resulting from the side effects of medication, as discussed above.  *See, e.g.*, Light v. Soc. Sec. Admin., 119 F.3d 789, 793-94 (9th Cir. 1997)(remanding where vocational expert's testimony did not address all limitations).

13

1

**CONCLUSION**

2

3          Accordingly, for the reasons stated above, IT IS ORDERED that the

4   decision of the Commissioner is REVERSED, and this case is REMANDED for

5   further proceedings consistent with this Memorandum Opinion and Order.

6

7          IT IS FURTHER ORDERED that the Clerk of the Court shall serve

8   copies of this Memorandum Opinion and Order and the Judgment on counsel

9   for plaintiff and for defendant.

10

11         **LET JUDGMENT BE ENTERED ACCORDINGLY.**

12

13   DATED: September 29, 2008

                                            /s/
14                                   MARGARET A. NAGLE
                               UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

14